

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers         AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. W. A. Hadden       Opinion No. O-7198
County Attorney         Re: Whether Trustees of Independent
Pecos County           School District may lawfully permit
Fort Stockton, Texas     the use of public school buildings
                              for religious worship where such
                              use does not interfere or conflict
                              with the use of such buildings as
Dear Sir:                school property

      Your request for opinion upon the following stated question:

      "Have the Trustees of an Independent School
District the power to permit any religious denomi-
nation, Protestant or Catholic to use the public
school building or buildings for religious worship."

has been received and carefully considered by this department.

      Section 88, Vol. 37, Texas Jurisprudence, pages 958
and 959, read as follows:

      "Use for Other Than School Purposes -

      "Public school property is held in trust to
be used for the benefit of the children of the com-
munity or district in which the property exists.
It is so plainly and clearly impressed with a trust
in favor of the schools that it is within the pro-
tective claims of both the State and Federal Con-
stitutions, and the Legislature is without power to
devote such property to any other purpose or to the
use of any other beneficiary. The laws of Texas,
by implication at least, require that the exclusive
ownership and control of school buildings of a dis-
trict shall be in the trustees thereof. And a con-
tract entered into between the trustees and a pri-
vate individual or organization is void when it
contemplates that the district shall surrender ex-
clusive control of a school building, or that a
building shall be erected for the joint use and joint
control of the district and another.

"But the trustees may authorize the use of school property for private purposes which do not conflict with its use as a school. Although they may not own or control the building jointly with private interests, they may lease a portion of it, in so far as the uses to which the property is put will not interfere or conflict with its use as school property. Thus the Supreme Court has held that the trustees may permit the use of buildings by clubs and fraternal societies, musical organizations, Sunday-schools, etc., where such uses do not interfere with their use for school purposes. Nor is there any abuse of discretion in the leasing, during vacation, of an unused school campus for a baseball park, such use being so restricted as not to permit of injury to or waste of the school property or interference with the conduct of the school.

"In the absence of any provision of law to the contrary, it is also discretionary with the trustees to refuse the use of school property for other than school purposes, as for the purpose of holding primary elections. Likewise, even though the statute provides that general elections shall be held in schoolhouses 'where it is practicable so to do,' the trustees in the exercise of their discretion may decline to allow school buildings to be used therefor, and the courts, in the absence of any showing of abuse, will not disturb their action."

The case of Martin v. South San Antonio Independent School District, 275 S.W. 265 (Tex.Civ.App.) 277 S.W. 78 (Tex. Sup.Ct.) holds that school trustees may permit the use of school buildings by clubs and fraternal societies, musical organizations, Sunday-schools, etc. where such uses do not interfere with their use for school purposes.

Under the above cited authorities, it is our opinion that school trustees, in their sound discretion, may lawfully permit the use of public school buildings for religious worship where such use will not interfere with or conflict with the use of such buildings for school purposes.

APPROVED APR 23, 1946
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY
GENERAL
APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN
WJF:BT:wb

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ Wm. J. Fanning
Wm. J. Fanning, Assistant